CatRON, Ch. J.
delivered the opinion of the court.
“Forgery is the fraudulent making or alteration of a writing to the prejudice of another’s right.” This is the difinition given by the fortieth section of the Penitentiary act, extracted from Blackstone’s Com. 4 vol. p. 247, and must be pursued. The “prejudice” to another man’s right, must be an intent to cheat and defraud that other of a right to property, to liberty, &c. This indictment "charges the instrument set forth, was forged to defraud James Caruthers; and second, to defraud William E. Williams. Could the right of either be prejudiced by the instrument? First, as to Caruthers. Suppose the instrument true, as it purports, and that it had been made by William E. Williams, would it furnish any evidence for any purpose affecting the legal rights of James Ca-ruthers? Suppose the slave Charles had claimed to be free, could the counterfeited paper have been given in evidence to prove the fact? No law authorized William E. Williams to give such certificate, and it could not have any force in law, however it might impose on the confiding integrity of mankind, and afford facilities to the slave *152 to pass as free, and thereby enable him to escape from his master’s service. As a falsehood, the paper is oí a most dangerous character; but this is not the question. Is the counterfeiting of it forgery and felony? Could it defraud Mr. Caruthers of a legal right, had it been made as it purports? As a legal instrument it is nugatory on its face, furnishing no evidence of a right to freedom m the slave; nor could the owner’s vested right to his services be legally prejudiced thereby.
An instrument void in law upon its face, is not the subject of forgery, because the genuine and counterfeit would be equally useless — imposing no duly, or conferring no right, as the forgery of a will for lands, having only two witnesses, when three were required, where the court held, the instrument void on its face and no forgery. Vale’s case, 2 East. C. L. ch. 19, sc. 45, p. 953. This adjudication was grounded on Moffatt’s case, 2 Leach, 483, who was indicted for forging a bill of exchange, void on its face. These were extremely strong cases compared with the present. ' This instrument claims no pretence on its face to legal validity, and whether true or counterfeit, is the assertion of a mere falsehood, calculated to impose upon the credulity of society.
It is sufficient to say, Mr. Williams, whose name was counterfeited, could sustain no injury by the act of the defendant, for the reason, that the instrument imposed upon him no duty, nor could its use be to the prejudice of his right.
Much as we may regret the want of power to punish the defendant on this indictment, still we think he is clearly not subject to the penalties of felony, and that the judgment must he arrested.
Judgment arrested.
*153 CASES ARGUED AND DETERMINED IN THE SUPREME COURT OF TENNESSEE.